DOE *v.* CHOINIERE.

1. CONTRACTS—MODIFIED BY PAROL.
   Written contract may be modified by parol agreement.

2. SAME—PLEADING—MODIFIED CONTRACTS.
   Where written contract as modified by parol agreement is sued on, declaration must count on contract as modified.

3. SAME—PROOF NECESSARY.
   In order to recover on written contract as modified by parol agreement, contract as modified must be proved and established by preponderance of evidence.

4. SAME—CONVERSION.
   In action for compensation for performance of written contract for removal of houses as modified by parol agreement, and for conversion of timbers and blocking left on job, where issues of fact were raised by evidence, and case was properly submitted to jury, verdict is conclusive.

Appeal from Wayne; Lamb (Fred. S.), J., presiding. Submitted April 14, 1932. (Docket No. 114, Calendar No. 36,373.) Decided June 6, 1932.

Assumpsit by Joseph Doe against Charles E. Choiniere on a contract to move houses. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Brown, Stoneman, Lorenzo & Springstun,* for plaintiff.

*Joseph E. Rau,* for defendant.

POTTER, J. Plaintiff entered into a contract in writing with defendant as follows:

"Agreement made this 1st day of November, A. D. 1926, between Chas. E. Choiniere hereinafter

As to the effect of the statute of frauds upon the right to modify, by subsequent parol agreement, a written contract required by the statute to be in writing, see annotation in L. R. A. 1917 B, 144; 17 A. L. R. 10; 29 A. L. R. 1095.

On whether contract has been substantially performed as question for jury, see annotation in 24 L. R. A. (N. S.) 350.

called the 'employer,' and Joseph Doe, of the city of Lincoln Park, hereinafter called 'the employee.'

"The above employer agrees to let out on contract, to the above-mentioned Mr. Joseph Doe called the party of the second part. Properties to be moved namely, frame house from lot No. 65, Capital avenue and place on lot No. 576 Pagel avenue and brick house on lot No. 620 Pagel avenue.

"The above houses to be moved and placed up in as good condition as they are at present. For the remuneration of $900.

                    (Signed) "Charles E. Choiniere.
                         "          "Joseph Doe.
"Witness:
      (Signed) "E. R. Cooke."

Plaintiff alleges this contract was subsequently modified, and, as modified, was fully performed, and in its performance he used a large amount of timber and blocking which was left on defendant's premises and which defendant converted to his own use. Plaintiff brought suit to recover compensation for the performance of the contract and damages for the conversion of the timber and blocking. From a judgment for plaintiff, defendant appeals. After the written contract was entered into, plaintiff alleges it was discovered the brick house which was to be removed was not a brick veneer house as represented to him, but a solid brick house wherein the walls were improperly and insecurely tied in, and, it being impossible to move the structure without causing damage, defendant was informed of the situation, whereupon it was agreed plaintiff was to move the same for the same consideration but at the risk of the defendant.

Plaintiff alleges upon the completion of the contract, as modified, by him, the defendant gave a check to apply thereon, the payment of which was

subsequently stopped.  Plaintiff claims the timbers and blocking used in moving the house were left on the job, and defendant refused to let plaintiff have the same, defendant claiming he was seeking to force plaintiff to settle by retaining the blocking.  Defendant claims plaintiff agreed to move the houses for a fixed sum and to place them on their foundations in the new location in good condition; that plaintiff has not performed the contract, and is therefore not entitled to recover.  Defendant claims he has not refused to let plaintiff have the timbers and blocking used in moving the house, and hence has not converted the same to his own use, and is not liable for conversion.

It is well settled that a written contract may be modified by parol and when sued upon the declaration must count upon the contract as modified or amended; and in order to entitle the plaintiff to recover the contract, as modified or amended, must be proven and established by a preponderance of the evidence.

In this case the dispute between the parties involves questions of fact.  The case was properly submitted.  We find no error in its submission. Its verdict is conclusive upon us.

Judgment affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.